McLELLAN *versus* LONGFELLOW.

In a suit for a share of the supplies, furnished to a vessel of which the plaintiff and defendant were part owners, an admission made by the defendant (after having alienated his part,) that the claim was justly due, in the absence of any evidence or pretence of other outstanding bills, is to be treated as an admission, that upon a final adjustment of all liabilities by the joint owners, such balance was due to the plaintiff.

Upon such an admission, therefore, the suit is maintainable.

On REPORT from *Nisi Prius,* SHEPLEY, C. J. presiding.

ASSUMPSIT upon two accounts annexed to the writ.

The parties owned a brig in equal shares. The plaintiff expended money and articles in the repairs and outfits, and charged the same to "the brig." The bill, as made up by the plaintiff, amounted to $406,81. Afterwards the defendant's half of the brig was sold on execution against him. Subsequently, the bill was shown to the defendant, who, after taking it home for examination, admitted it to be correct and justly due. The plaintiff claims that the defendant should pay one half; and that is one of the accounts sued in this action. The other account was between the parties as individuals, to which nó objection was made.

The defendant resisted the account of the expenditures for the vessel, but consented to a default, subject to the opinion of the Court, whether upon these facts he is liable to the suit, and to what extent.

*Gilbert,* for the defendant.

We object to the account for the supplies furnished to the vessel. Such an action between part owners cannot be sustained. We wish to show, that *defendant's* claim against the brig was quite as great as that of the *plaintiff. Maguire* v. *Pingree,* 30 Maine, 508.

*Merrill,* for the plaintiff.

HOWARD, J. — The parties had owned a vessel in equal parts, and the defendant's share had been sold, when the claims included in this suit were presented to him, and he

admitted them to be correct and due.    But the admission is now restricted to the personal claim, and the controversy is solely upon that portion of the account which embraces the bills against the owners of the vessel.

The defence rests mainly upon the decision in *Maguire* v. *Pingree,* 30 Maine, 508.    The doctrines of that case have been repeatedly recognized by this Court, as sound, and we have no occasion to question them at this time.    In that case, there was neither a settlement, nor an agreement in respect to the claims ; but in this, there was a statement of the account with the owners, after the relation of part owners had been terminated, which the defendant, upon examination, deliberately admitted to be correct, and due from him as claimed.

This admission, in the absence of all evidence, or pretence of any other outstanding bills, under the circumstances, is equivalent to an agreement that, upon a final adjustment of all accounts and liabilities as joint owners, such balance was due to the plaintiff.    Upon the payment of that account, it would seem that the entire business would be closed, and the obligations and duties arising from the relation of the parties, as part owners, would be fully discharged.

An express promise to pay the balance thus stated and admitted, is not necessary in order to bind the defendant.    An obligation to pay arises from the admitted indebtedness, and a promise to pay is implied by law.    *Fanning* v. *Chadwick,* 3 Pick. 420.

The default must stand, and the plaintiff is entitled to judgment for the amounts claimed, according to the accounts annexed to his writ.

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.